[No. A053802. First Dist., Div. Three. Jan. 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID VICTORIAN, Defendant and Appellant.

## COUNSEL

Carolyn Del Gaudio, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Donna B. Chew, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Following the denial of his motion to withdraw a guilty plea and imposition of sentence, defendant David Victorian appeals from the judgment. For the reasons stated below we reverse the judgment.

### PROCEDURAL BACKGROUND

Defendant was charged by complaint with one count of being an ex-felon with possession of a firearm. (Pen. Code,[1] § 12021, subd. (a).) The complaint also alleged four prior felony convictions whereby defendant had served time in state prison.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to the substantive offense. The district attorney and defendant agreed that in return for the guilty plea, the enhancement allegations would be stricken and defendant would be sentenced to state prison for the midterm of two years. In taking the plea, the court advised defendant of his constitutional rights and the direct penal consequences of his conviction. In so doing, the court stated: "In addition, you can be placed on parole following imprisonment for a maximum of 18 months and if you violate the terms of that parole you face

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

an additional year in prison." The court gave limited section 1192.5 advisements.[2]

Prior to sentencing, defendant moved to withdraw his guilty plea, because he had been misadvised as to the maximum length of his parole term.[3] The sentencing court agreed that the magistrate misstated the maximum parole term; however, it found defendant had been properly advised of his *Boykin-Tahl* [4] rights, and the parole advisement was only collateral.

## DISCUSSION

It is undisputed that in all guilty plea cases a defendant must be advised of the direct consequences of conviction (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]) and that the parole period a defendant is required to serve is a direct penal consequence of being convicted. (*In re Carabes* (1983) 144 Cal.App.3d 927, 932 [193 Cal.Rptr. 65].) In this case we must consider the legal significance of a defendant being misadvised, rather than not advised, of the consequences of his plea when those consequences were not terms of the plea agreement.

In *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] (hereafter *Walker*), our Supreme Court was called upon to resolve the conflict in Court of Appeal cases which consider the proper means of remedying the erroneous omission to advise criminal defendants of restitution fines. In analyzing the problem, the court first distinguished between negotiated and nonnegotiated pleas.

In all guilty pleas, whether or not bargained for, the trial court must admonish the defendant of both the constitutional *Boykin-Tahl* rights that are being waived and the direct consequences of the plea. (*Walker, supra,* 54

---

[2] Although the court determined that defendant's plea was freely and voluntarily made and that there was a factual basis for the plea, it failed to comply with that portion of section 1192.5 which provides: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so."

[3] Defendant was subject to a period of parole as provided by section 3000, subdivision (a). That statute provides in pertinent part: "At the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to Section 1170, . . . the inmate shall be released on parole for a period not exceeding three years, unless the board for good cause waives parole and discharges the inmate from custody of the department."

[4] *Boykin* v. *Alabama* (1969) 395 U.S. 238, 243 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].

Cal.3d at p. 1022.) In contrast to an uninformed waiver of constitutional rights, an uninformed waiver based on the failure of the court to advise a defendant of the consequences of an admission requires setting aside the plea only if a timely objection is made and the error is prejudicial. (*Id.*, at pp. 1022-1023; *In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684]; *People* v. *Glennon* (1990) 225 Cal.App.3d 101, 105 [276 Cal.Rptr. 1].)

■ The rules governing negotiated pleas are different. First, assuming a full section 1192.5 admonishment is given prior to making a plea, a defendant must raise his objection to punishment exceeding the terms of the bargain at sentencing, or the objection is waived. (*Walker, supra,* 54 Cal.3d at p. 1025.)[5] When a timely objection is made, "[a] violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made part of the plea offer. Because a court can only speculate why a defendant would negotiate for a particular term of a bargain, implementation should not be contingent on others' assessment of the value of the term to defendant. [¶] . . . [¶] Moreover, the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice." (*Id.*, at p. 1026, internal quotation marks omitted.)

■ Although the *Walker* court acknowledged that the usual remedy for a violation of a plea bargain is either to allow the defendant to withdraw his plea and go to trial on the original charges, or to specifically enforce the plea bargain (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860-861 [187 Cal.Rptr. 441, 654 P.2d 211]), it found a third option more appropriate, i.e., to reduce the fine to the statutory minimum of $100. The court reasoned that to allow a defendant to withdraw a guilty plea will often run counter to the interests of crime victims, while to strike the fine completely would violate the statutory mandate. (*Walker, supra,* 54 Cal.3d at p. 1027.)

There are certain similarities between *Walker* and the case at bench. While the statute in *Walker*, Government Code section 13967, subdivision (a),[6] deals with restitution fines and the statute in this case, section 3000, deals with

---

[5]If a complete section 1192.5 admonishment has not been given, a defendant's right to the benefit of his bargain is not waived by failure to object at sentencing. (*Walker, supra,* 54 Cal.3d at p. 1025.)

[6]Government Code section 13967, subdivision (a) provides in pertinent part: "[I]f the person is convicted of one or more felony offenses, the court shall impose a separate and

parole periods, both the fines and the parole periods are direct penal consequences of being convicted. On the other hand, there is an important factor which distinguishes *Walker* from the instant action.

Under Government Code section 13967, it is the court that sets the amount of the restitution fine. In contrast, section 3000 provides for the Board of Prison Terms to determine the length of parole for each inmate. Defendant's parole period is dependent on the Board of Prison Terms evaluation of his conduct as a prisoner. (*People* v. *Huynh* (1991) 229 Cal.App.3d 1067, 1082 [280 Cal.Rptr. 506].) Thus, neither the district attorney nor the court has authority to determine a defendant's parole period. Consequently, this court is unable to order specific performance of the trial court's misstatement. The sole remedy in this case is to permit defendant to withdraw his plea.

### DISPOSITION

The judgment is reversed and the cause remanded to the superior court. That court is directed to vacate the guilty plea, if defendant moves to withdraw the plea within 30 days of the finality of this decision. In that event, on motion of the People the original charges shall be reinstated and trial or other appropriate disposition shall proceed. If defendant does not elect to withdraw his plea of guilty, the superior court shall reinstate the judgment.

Merrill, J., and Werdegar, J., concurred.

A petition for a rehearing was denied February 14, 1992, and the petitions of both appellant and respondent for review by the Supreme Court were denied April 16, 1992. Panelli, J., Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.

---

additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000)."