[No. H008272. Sixth Dist. Jan. 24, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD McMILLION, Defendant and Appellant.

COUNSEL

Walter K. Pyle for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Gerald A. Engler and Enid A. Camps, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CAPACCIOLI, Acting P. J.**—In this appeal Harold McMillion challenges a sentence imposed after his guilty plea to petty theft with prior convictions.

(Pen. Code, §§ 484, 666.) Appellant contends he was denied due process when the court sentenced him to 16 months in state prison "plus the applicable parole period" because the plea agreement was based on a term of only 16 months in prison. Although we find error in failing to advise appellant of the mandatory parole period, we determine the error to be nonprejudicial. Accordingly, we will affirm the judgment in its entirety.

## BACKGROUND

According to evidence presented at the preliminary examination, appellant and his codefendant shoplifted a pair of car stereo speakers from an auto supply store in October 1990. Appellant was charged with burglary and petty theft with a prior conviction, and pleaded not guilty. In December 1990 appellant changed his plea to guilty to the theft charge, with the understanding that the burglary charge would be dismissed.

In reviewing the proposed disposition of both defendants at the plea hearing the trial court noted that neither had been in serious trouble for several years and that the offense was not "terribly aggravated." Accordingly, the court indicated that if appellant entered a plea of guilty it would probably impose a sentence of felony probation with additional time in county jail. The court added that if it did choose a prison term, the lower term of 16 months was "probably appropriate."

Each defendant then requested release on his own recognizance pending sentencing. The court proposed: "In exercise of the Christmas spirit, if I let you out over the holidays and you pick up any other offenses, theft offenses or anything else, then you go to prison for the lower term of 16 months?" Both defendants agreed. The court then ordered them to be released "with the understanding that should they be arrested and convicted of another offense during this period of time, they understand they'll receive a prison term of 16 months in state prison. And other than that, I've indicated that assuming that everything I know about them is correct, and they have no felony convictions for the past five, six years, I would place them on a [sic] probation and give them some additional time in county jail." Appellant then waived his trial rights and entered a plea of guilty to the theft charge.

Appellant failed to appear for sentencing on the appointed date in January 1991, and a bench warrant was issued for his arrest. When the case came on for hearing in March, he gave an unsatisfactory excuse for his failure to appear or notify the probation officer. The trial court thereupon denied probation and sentenced appellant to the lower term of 16 months in state prison, with credit of 191 days, "[p]lus the applicable parole period." When

advised of his right to appeal, appellant said, "Do I make an appeal right now? I make the appeal right now."

## DISCUSSION

In *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086], the Supreme Court announced the rule that "[i]n all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute . . . ."

It is clear from the record in this case that the trial court did not inform appellant at the plea hearing that he would be subject to a period of parole upon completion of his prison term. Appellant contends this omission violated the terms of the plea bargain and therefore compels his release from the parole period.

In response, the People cite *In re Chambliss* (1981) 119 Cal.App.3d 199 [173 Cal.Rptr. 712]. In *Chambliss*, the First District, Division One, considered a similar contention that "because [the petitioner] was not advised of the potential for parole, his bargain should be construed as calling for a parole-free release." (*Id.* at p. 201.) The court reached the opposite conclusion from the silence in the record. Since there was no mention of parole or other evidence of a promise of a parole-free release, the petitioner should have assumed the parole period *would* be required. The public policy underlying the parole requirement of Penal Code[1] section 3000 is "too substantial," the court reasoned, to permit the petitioner's asserted ignorance of the parole system to exempt him from its reach. (See also *People* v. *Davis* (1988) 205 Cal.App.3d 1305, 1309-1310 [252 Cal.Rptr. 924] [silent record does not imply plea bargain term of no restitution fine where strong public policy supports this mandatory fine].)

Although we agree with the *Chambliss* court that the public policy expressed in section 3000[2] precludes a parole-free release, we disagree with its suggestion that the defendant must bear the burden of knowing the direct consequences of his plea. To adhere to such a position would undermine the

---

[1]Unless otherwise noted, all further statutory references are to the Penal Code.

[2]Section 3000 states: "The Legislature finds and declares that the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship. It is in the interest of public safety for the state to provide for the supervision of and surveillance of parolees and to provide educational, vocational, family and personal counseling necessary to assist parolees in the transition between imprisonment and discharge. A sentence pursuant to Section 1168 or 1170 shall include a period of parole, unless waived, as provided in this section."

*Bunnell* requirement that a defendant be advised of all direct consequences of pleading guilty. Parole is a direct legal consequence of a guilty plea for which a defendant must be informed. (*In re Carabes* (1983) 144 Cal.App.3d 927, 932 [193 Cal.Rptr. 65].) Thus, we depart from the *Chambliss* reasoning to the extent that it effectively excuses a court from its duty of advisement by requiring the defendant to infer the missing information. (Cf. *People* v. *Williams* (1990) 224 Cal.App.3d 179, 186 [273 Cal.Rptr. 526] [criticizing *Davis* reasoning in context of restitution fines].)

 In this case the trial court erred in failing to inform appellant that a period of parole would follow the 16-month term in prison. The only question remaining is what consequence flows from that error.

 Appellant maintains, citing *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211], that the court's imposition of a sentence including parole was a violation of the plea agreement, which compels either specific enforcement of the agreement or leave to withdraw the plea, depending on the circumstances. Because appellant has already served a substantial part of his prison term, leave to withdraw his plea would not give him the "benefit of the bargain"; accordingly, he argues, the implied no-parole term must be specifically enforced.

As we have already determined, however, striking the parole period would be inappropriate in view of the strong public policy underlying the legislative mandate of section 3000. Furthermore, we reject appellant's characterization of the trial court's error as a broken plea bargain. This situation is not analogous to that of *Mancheno*, in which the trial court failed to order a diagnostic study as it had affirmatively promised the defendant. The matter we confront is strictly one of omission: the court failed to mention parole in advising appellant of the consequences of a guilty plea, thereby violating the *Bunnell* rule.

Moreover, unlike *Mancheno*, the imposition of parole was required by statute. Unless waived by the Board of Prison Terms, the parole period following imprisonment is mandatory under section 3000; the trial court, therefore, was simply not empowered to impose a prison sentence without parole. Because we presume the trial court knew and followed the law, we cannot infer that it accepted a plea agreement containing an unlawful no-parole prison term.

The recent Supreme Court decision in *People* v. *Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] does not alter this conclusion. In *Walker* the trial court imposed a $5,000 restitution fine, which had not been

mentioned in the plea agreement. The court observed that error involving only the failure to advise of consequences of a plea may be waived absent objection at sentencing. In addition, such error should be examined in light of its prejudicial effect—that is, the defendant must show a reasonable probability he would not have entered his plea if he had been informed of the consequence.

On the other hand, the imposition of the $5,000 restitution fine further constituted a "significant deviation from the negotiated terms of the plea bargain." (*People* v. *Walker, supra,* 54 Cal.3d at p. 1029.) ■ Where a violation of a plea bargain exists and not merely a failure to advise of the consequences of a plea, the error is not subject to harmless error analysis. In such instances, the appropriate solution depends on whether objection had been made at sentencing. If error is first raised after sentencing (and no admonitions have been given pursuant to § 1192.5), the remedy is to reduce the restitution fine to its statutory minimum.

■ The problem presented in the instant case is not analogous to that of restitution fines. Although restitution fines are required in felony convictions (§ 1202.4), the trial court may waive the fine for compelling reasons. Section 3000, by contrast, affords the sentencing court no such discretion: the court is authorized neither to determine whether a parole period shall be served nor to prescribe its duration; that is the province of the Board of Prison Terms. Since there is no legal mechanism for negotiating a plea agreement containing no or reduced time on parole, the imposition of parole at sentencing simply cannot be regarded as a breach of such an agreement. Instead, the trial court's error can only be viewed as a failure to advise appellant of the direct legal consequences of his guilty plea, which cannot be set aside unless the error was prejudicial to appellant. Accordingly, the remedy of specific enforcement by striking the parole period is unavailable to appellant.

In so holding, we depart from the federal decisions on which appellant relies. In *United States* ex rel. *Baker* v. *Finkbeiner* (7th Cir. 1977) 551 F.2d 180, for example, the Seventh Circuit Court of Appeals determined the failure to apprise the defendant of a mandatory parole period to be a constitutional violation of the petitioner's due process rights. Because the two-year mandatory parole period constituted a "substantial addition" to the sentence he was promised, his guilty plea was "unfairly induced in violation of the Due Process Clause." (*Id.* at pp. 183-184.) Furthermore, since the petitioner had already "performed his side of the bargain" by completing his prison term, "fundamental fairness" compelled the state "to adhere to the agreement as well." Accordingly, the appellate court ordered the petitioner's release from custody.

We believe this result is unsound. To permit a procedural oversight to excuse an offender from the parole requirement without a showing that the error affected his decision to plead guilty would only elevate form over the important goals expressed in section 3000, and encourage future defendants to make specious claims of error to avoid parole. We therefore cannot subscribe to a grant of exemption from this critical period without analysis as to whether the defendant was harmed by the error.

In *Carter* v. *McCarthy* (9th Cir. 1986) 806 F.2d 1373, the Ninth Circuit held that a plea taken without advising the defendant of the required parole term was not voluntary and intelligent, and its acceptance violated the defendant's due process rights. In this case, however, the court applied a *Chapman* standard of harmless error and considered whether the failure to advise was harmless beyond a reasonable doubt. The court determined that the error was not harmless based on the magistrate's finding that the defendant would not have pled guilty had he known of the mandatory parole term. (Accord, *Allen* v. *Bunnell* (9th Cir. 1989) 891 F.2d 736 [*Carter* rule is prospective only].)

We decline appellant's invitation to follow the reasoning of these federal cases. ■ In California the requirement that a trial court advise a defendant of the direct consequences of a guilty plea is regarded as a "judicially declared rule of criminal procedure," not a constitutionally compelled rule of due process. (*People* v. *Wright* (1987) 43 Cal.3d 487, 494-495 [233 Cal.Rptr. 69, 729 P.2d 260]; see also *People* v. *Walker, supra*, 54 Cal.3d at p. 1022.) Accordingly, any error in accepting a plea without such advisements may be set aside only if it is reasonably probable that appellant would have entered a different plea had he been properly advised. (*In re Carabes, supra*, 144 Cal.App.3d at p. 933; see also *People* v. *Walker, supra*, 54 Cal.3d. at p. 1023.)

■ In this case appellant does not claim he was prejudiced by the court's failure to advise him that his 16-month term would be followed by a period of parole. He further does not contend he was unaware of this condition, or that he would have pled differently had he been so advised, or that the outcome would have been more favorable had he been advised and pled not guilty.

To make such claims would in fact be difficult under these circumstances. Appellant is not unfamiliar with the criminal justice system; he has an extensive record of theft convictions dating back to 1977, some of which involved prison terms and subsequent parole periods. Furthermore, the evidence against appellant in this instance was unambiguous and incontrovertible. Had he pled not guilty, he would have risked a potential prison term

of up to three years and still have been subject to three years of parole after that. Finally, the plea arrangement was extremely favorable to appellant; he was offered felony probation and county jail time if he appeared for sentencing with no further offenses. He was further told that if he did incur another offense pending sentencing, he would receive only the lower term of 16 months.

In light of these considerations, we find it unlikely that appellant would have entered a different plea had he been advised of the mandatory parole period following his prison term. Appellant suffered no prejudice from the trial court's failure to advise him of this penal consequence of his plea.

DISPOSITION

The judgment is affirmed.

Premo, J., and Cottle, J., concurred.

A petition for a rehearing was denied February 21, 1992, and appellant's petition for review by the Supreme Court was denied April 16, 1992. Panelli, J., Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.