[No. H011281. Sixth Dist. May 5, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
GREG AVILA, Defendant and Appellant.

## COUNSEL

Michael A. Willemsen for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ann K. Jensen and Christina V. Kuo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MIHARA, J.—After pleading guilty to second degree murder, defendant Greg Avila moved to withdraw his plea on the ground that he had been misadvised regarding the length of the parole term he would be required to serve. Defendant appeals from the trial court's denial of that motion, arguing that the court's misadvisement violated an integral term of the plea agreement. We disagree and affirm the judgment.

### BACKGROUND

Because the issues raised in this appeal are essentially procedural, a detailed recital of the underlying facts is unnecessary. Defendant's conviction arose from a confrontation with Isabol Lemus (referred to by witnesses as "Izzy") over a carton of cigarettes. Witnesses saw defendant slapping Izzy and demanding money. Later police found Izzy fatally stabbed in the chest near the site of the confrontation. Eight years later, while being detained for being intoxicated in a public place (Pen. Code[1], § 647, subd. (f)), defendant told a police officer that he had killed "Izzy" five years earlier by slashing the victim's throat. Unable to verify this information, the police officer released defendant. Two days later, however, another officer arrested defendant for the murder.

After a preliminary hearing, the People charged defendant by information with murder. (§ 187.) The information further alleged an enhancement for the personal use of a deadly weapon (§ 12022, subd. (b)) and one prior serious felony conviction (§§ 667, 1192.7). On February 10, 1992, defendant pleaded guilty to second degree murder, admitted the use of a knife, and submitted a motion to strike the prior conviction allegation. At the plea hearing, the trial court advised defendant of his constitutional rights and explained that defendant would receive a prison sentence of 15 years to life, plus one year for the knife enhancement. The court also told defendant that

---

[1]All further code references are to the Penal Code.

when he had completed his prison term, he would be on parole "for a period of up to three years."

Prior to sentencing defendant moved to withdraw his plea, contending the court had erred in advising him that the parole period would be up to three years. Instead, defendant noted, section 3000.1, subdivision (a), would subject him to parole for the rest of his life.[2] Relying on *People v. Victorian* (1992) 2 Cal.App.4th 954 [4 Cal.Rptr.2d 460], defendant characterized the trial court's error as a violation of his plea bargain, which required that he be permitted to withdraw his plea. The People, citing *People v. McMillion* (1992) 2 Cal.App.4th 1363 [3 Cal.Rptr.2d 821], responded that the parole period was not part of the bargain, and that defendant had failed to show prejudice from the misadvisement.

The trial court agreed with the People that *McMillion* controlled the outcome of the proceedings. In denying defendant's motion the court commented: "I think that it's clear the defendant was misadvised regarding this; but I think that with that mandatory, looking at that by the Board of Prisons in this case, that the defendant has received a good plea bargain." The trial court was uncertain whether defendant would be found guilty or not guilty if he received a trial. Nevertheless, the court found the parole period was not part of the plea bargain, and again expressed its view that defendant had received a "good plea bargain." The court then sentenced defendant to 15 years to life in prison, imposed a $200 restitution fine, and advised defendant that upon his release from prison he would be on parole for five years to life.

### DISCUSSION

 On appeal, the parties renew their debate over the applicability of *People v. Victorian, supra,* and *People v. McMillion, supra,* to this case. The People maintain that the court's error was in the nature of a failure to advise defendant of the consequences of his plea. (See *Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) Since defendant failed to show prejudice from the error, he was not entitled to any remedy. (Cf. *People v. McMillion, supra,* 2 Cal.App.4th 1363.) Defendant, on the other hand, argues that because the error was one of "misadvice"

---

[2]Section 3000.1, subdivision (a), provides: "In the case of any inmate sentenced under Section 1168 for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life." Subdivision (b) of this section provides: "Notwithstanding any other provision of law, when any person referred to in subdivision (a) has been . . . on parole . . . continuously for . . . five years in the case of any person imprisoned for second degree murder, since release from confinement, the board shall, within 30 days, discharge such person from parole, unless the board, for good cause, determines that such person will be retained on parole. . . ."

rather than failure to advise, he was entitled to withdraw his plea without a showing of prejudice. (Cf. *People* v. *Victorian, supra*, 2 Cal.App.4th 954.)

Defendant's contention cannot succeed. In *In re Moser* (1993) 6 Cal.4th 342 [24 Cal.Rptr.2d 723, 862 P.2d 723], the Supreme Court emphasized that a particular error cannot automatically be categorized as either a failure to advise or a violation of a plea bargain; the advisement requirement and adherence to a plea bargain are two distinct principles which must be separately examined in every case. " 'In any given case, there may be a violation of the advisement requirement, of the plea bargain, or of both. Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially. Indeed, much of the confusion engendered by the appellate decisions on this issue results from a blurring of the distinction between these principles.' " (*Id.* at p. 351, quoting *People* v. *Walker* (1991) 54 Cal.3d 1013, 1020 [1 Cal.Rptr.2d 902, 819 P.2d 861].)

Defendant insists that *People* v. *Victorian* requires the trial court to permit him to withdraw his plea, even if the parole period was not a term of the plea agreement. We believe, however, that the approach taken by the appellate court in that case is inconsistent with *People* v. *Walker, supra*, and the more recent discussion in *Moser*. In *Victorian*, like the present case, the trial court misadvised the defendant regarding the applicable parole period following his prison term. The First District, Division Three, assumed that the court's misadvisement in a negotiated plea required a remedy even when the parole consequences were not terms of the plea agreement. The court accordingly did not discuss whether the misadvisement was in fact a breach of the plea agreement or whether the defendant was prejudiced by the misadvisement.

We believe this approach perpetuates the "blurring of the distinction" of which the Supreme Court has disapproved, and we therefore decline to follow it. Instead, we will apply the principles articulated in *Walker* and reaffirmed in *Moser*, analyzing separately the issues of erroneous advisement of penal consequences and adherence to the terms of the plea agreement.

1. *Advisement of the Penal Consequences of the Plea*

A trial court's misadvisement of the parole consequences of a plea, like a failure to advise, is error under *Bunnell* v. *Superior Court, supra*, 13 Cal.3d 592. (*In re Moser, supra*, 6 Cal.4th at p. 352.) Such error is not reversible unless the defendant demonstrates prejudice—"i.e., that the defendant would not have entered the plea of guilty had the trial court given a

proper advisement." (*Ibid.*; *People* v. *Walker, supra,* 54 Cal.3d at pp. 1022-1023; *People* v. *McMillion, supra,* 2 Cal.App.4th at p. 1370.) In *Moser, supra,* the defendant's petition for habeas corpus in superior court did not specifically allege prejudice from the trial court's erroneous advisement regarding his parole term. In their response the People did not mention the failure to assert prejudice, but only contested the remedy urged by the petitioner. Under these circumstances, the court determined that the appropriate disposition was to remand to the superior court for a hearing and findings on the question of prejudice.

In the present case, defendant's motion to withdraw his guilty plea was accompanied by a declaration stating that his request was based on his "inability to receive the benefit of [his] negotiated plea agreement." Like the petitioner in *Moser,* defendant did not specifically allege that he was prejudiced by the trial court's misadvisement. Unlike *Moser,* however, the People's response to the motion did assert that defendant had failed to show prejudice from this error. Specifically, the People suggested that, like the defendant in *People* v. *McMillion, supra,* defendant had received a favorable plea bargain, and that his prior experience in prison made him "presumably familiar with parole procedures."

The trial court agreed with the People that *McMillion* was controlling on the facts of the case. Accordingly, we may infer the court's reasoning to be based on the standard of prejudice described in that case—i.e., whether it is reasonably probable the defendant would have pleaded guilty had he or she been correctly advised. (*People* v. *McMillion, supra,* 2 Cal.App.4th at p. 1370.) Although the trial court did not expressly articulate this standard, it did note that defendant had negotiated a "good plea bargain" and avoided a possible 30-year sentence resulting from a first degree murder conviction after a trial. We construe this reasoning as support for an implied finding that defendant would have pleaded guilty even if he had been correctly advised regarding the parole term he faced after prison.

This finding is supported by the record. Had he not pleaded guilty defendant could have been found guilty of first degree murder and received a prison term of 31 years to life.[3] His negotiated sentence of 16 years to life was thus a favorable one. We must conclude, therefore, that the court properly determined that defendant suffered no prejudice from the misadvisement of the parole consequences of his plea.

---

[3]The information accused defendant of murder with the use of a deadly weapon, and one prior serious felony conviction. A trial could have resulted in a finding either that defendant premeditated the killing or that he killed the victim in the course of robbery. (§ 189.) Thus, defendant could have been convicted of first degree murder, carrying a penalty of 25 years to life. The prior conviction enhancement would have added five years to the sentence (§ 667), and the weapon use enhancement carried an additional one year. (§ 12022, subd. (b).)

## 2. *Violation of the Plea Bargain*

 The primary emphasis of defendant's argument is directed at the separate issue of whether the court's misadvisement violated a term of the plea agreement. If so, defendant is entitled to relief without a showing of prejudice. (*People* v. *Walker, supra,* 54 Cal.3d at p. 1026; *In re Moser, supra,* 6 Cal.4th at p. 354.)

 Under the circumstances presented, however, we cannot agree that such a violation occurred. First, there is no evidence that a three-year maximum parole period was "a subject of negotiation (or even discussion) during the plea-negotiation process, or that the prosecutor made any promises or inducements relevant to the challenged element. (Cf. *Santobello* v. *New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433, 92 S.Ct. 495] ['[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'].)" (*People* v. *McClellan* (1993) 6 Cal.4th 367, 379 [24 Cal.Rptr.2d 739, 862 P.2d 739].)[4] Second, the parole period was a statutorily mandated consequence of defendant's conviction; it therefore could not have been the subject of negotiations or a condition of the final agreement. (Cf. *People* v. *McMillion, supra,* 2 Cal.App.4th at p. 1369; *People* v. *McClellan, supra,* 6 Cal.4th at pp. 380-381.) We must conclude, therefore, that the trial court's erroneous advisement regarding the parole period did not violate a term of the plea bargain. Reversal is not required.

### DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied June 3, 1994.

---

[4]In his declaration supporting the motion to withdraw his plea, defendant stated that the court's parole advisement was made "pursuant to a negotiated plea agreement," thereby implying that the court was following the terms set by prior negotiations. This suggestion, however, is not supported by the record of the plea hearing. At that hearing the court referred to parole in the course of advising defendant of the penal consequences of his plea. Nothing in these advisements reflects any prior negotiation regarding the parole period.