Filed 5/21/24  P. v. Steffek CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GORDON LEE STEFFEK,<br><br>Defendant and Appellant. | F086723<br><br>(Super. Ct. No. RF009105A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Caitlin Franzen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Gordon Lee Steffek appeals following his sentencing on one count of assault on a peace officer with an enhancement for inflicting great bodily injury. Appellant argues his plea colloquy was improper because he was not specifically told that his driver's license would be suspended for life based on the plea agreement. Appellant requests we vacate his plea and sentence and remand for further proceedings. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to appellant's single claim on appeal are relatively simple. The District Attorney of Kern County filed a complaint on November 2, 2022, charging appellant with assault with a deadly weapon, a motor vehicle, (Pen. Code, § 245, subd. (a)(1);[1] count 1); battery on a police officer (§ 243, subd. (d); count 2); assault on a police officer (§ 245, subd. (c); count 3); resisting an executive officer (§ 69; count 4); improperly possessing ammunition (§ 30305, subd. (a)(1); count 5); and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 6). The complaint also alleged enhancements for inflicting great bodily injury (§ 12022.7) as to counts 1, 2, 3, and 4 and possessing one prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and one prior serious felony conviction (§ 667, subd. (a)).

Pursuant to the parties' plea agreement, appellant pleaded no contest to count 3 and admitted inflicting great bodily injury and having a prior strike conviction. In exchange, the remaining counts would be dismissed and appellant would receive a five-year sentence, avoiding a potential maximum sentence of 13 years. As part of the plea, appellant entered into a so-called *Cruz*[2] waiver, in which appellant was released pending

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).

sentencing and the court would accept the plea deal, provided appellant committed no further crimes.

During the plea colloquy, appellant agreed with the following description of count 3: "[O]n or about October 31st, 2022, you did willfully and unlawfully commit an assault upon [a] Ridgecrest Police Department officer … by means of force likely to produce great bodily injury and/or with a deadly weapon, to wit, a [motor vehicle] .…" Appellant also signed a felony advisement of rights, waiver, and plea form. However, the parties agree that neither in the plea colloquy nor in the advisement of rights was appellant informed that the agreement he entered into would or could trigger a lifetime suspension of his driver's license.

Appellant failed to abide by his *Cruz* waiver and was remanded to custody prior to his original sentencing date. After several continuances, appellant admitted the *Cruz* waiver violation in exchange for a sentence of eight years, consisting of the previous five-year term as to count 3, plus a three-year enhancement for inflicting great bodily injury (§ 12022.7), and dismissal of the new charges against him as well as his prior strike conviction.

Appellant was sentenced the same day he admitted the *Cruz* waiver violation. The court confirmed appellant agreed with the calculation of his presentence credits and that he had received enough time to discuss sentencing with his attorney. Moreover, appellant was directly asked if he wanted a new sentencing report prepared based on his admission, but he specifically requested sentencing proceed at that time. Appellant's counsel further noted one modification to the existing sentencing report needed to bring it in line with the new sentence of eight years.

During the subsequent sentencing, the court advised appellant that his "privilege to operate a motor vehicle shall be suspended by the Department of Motor Vehicles pursuant to section 13351.5 of the Vehicle Code commencing February 16, 2023, for a period of life." Notably, this advisement was also contained in the sentencing report provided to

appellant prior to the hearing and was part of the same sentence modified by appellant's counsel. Appellant raised no objection to the advisement or the plea agreement at this time.

Appellant was sentenced in line with the agreement made to resolve the *Cruz* waiver violation. This appeal timely followed.

## DISCUSSION

Appellant argues that the administrative lifetime suspension of his driver's license constitutes a direct consequence of his plea agreement and that failure to advise him of that consequence requires setting aside the plea. In response, the people make several arguments. First, the people contend appellant's claim was forfeited for failure to object. Second, the people claim the administrative sentence is not a direct consequence that must be discussed during the plea colloquy. Third, the people assert that even if the suspension is a direct consequence, appellant cannot show prejudice resulting from the failure to advise.

### *Standard of Review and Applicable Law*

"[B]efore taking a guilty plea[,] the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea." (*People v. Walker* (1991) 54 Cal.3d 1013, 1022, overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183 (*Villalobos*).) "Unlike the admonition of constitutional rights, … advisement as to the consequences of a plea is not constitutionally mandated. Rather the rule compelling such advisement is 'a judicially declared rule of criminal procedure.' " (*Walker*, at p. 1022.) Thus, " 'an uninformed waiver based on the failure of the court to advise an accused on the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused' " and "the error is waived absent a timely objection." (*Id.* at pp. 1022–1023; see *Villalobos*, *supra*, 54 Cal.4th at pp. 181–182 [error waived absent a timely objection].)

In addition, there is a constitutional due process requirement that the parties must abide by the terms of a plea agreement and, therefore, that the punishment imposed may not significantly exceed the parties' agreement. (*Villalobos*, *supra*, 54 Cal.4th at p. 182.) Such a claim can be forfeited where the trial court gives a section 1192.5 admonition and the defendant does not withdraw his plea at sentencing. (*Villalobos*, at p. 182.)

### *Appellant Forfeited[3] Any Error Allegations*

The record in this case shows no objection to the sentencing advisement and no objections raised to the lower court related to the plea colloquy. Appellant recognizes the failure to object but, citing to *People v. Victorian* (1992) 2 Cal.App.4th 954, contends no objection was required to preserve a claim that one's punishment exceeds the plea bargain terms. *Victorian* holds, however, that an objection is required to preserve an objection to any punishment exceeding the terms of the bargain at sentencing if the defendant was advised the court's approval is not binding, may be withdrawn, and that such a change would permit withdrawal of the plea. (*Id.* at p. 958; see § 1192.5.) As the people note, appellant's plea advisement form contained just that required advisement, and appellant initialed that particular advisement. Further, as stated in *Villalobos*, "a plea agreement is not violated by imposition of a statutorily mandated term that was omitted from the agreement." (*Villalobos*, *supra*, 54 Cal.4th at p. 183.) The suspension of appellant's driver's license was ultimately statutorily mandated; thus, its imposition does not violate the negotiated sentence reached in the plea agreement. Further, because appellant failed to object based either on the failure to advise or upon a claim of increased punishment, such arguments are forfeited.[4]

---

[3]    The failure to object or to invoke a right is more precisely described as a forfeiture, rather than a waiver. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 262, fn. 19.)

[4]    Even if the claim was not forfeited, it would fail for a lack of evidence showing prejudice. Appellant concedes the record contains no "detailed analysis of the prejudiced question" but asks this court to infer such prejudice. We find no basis to do so. The nature of appellant's charges and the plea agreement entered suggest the loss of a driver's license was not

**DISPOSITION**

The judgment is affirmed.

HILL, P. J.

WE CONCUR:

LEVY, J.

DETJEN, J.

---

material to the agreement, which overlooked prior expectations for sentencing if the *Cruz* waiver was violated and dismissed the newly acquired charges.

6.