Filed 8/6/24  P. v. Boyd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C099727 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19F7736, 21F8111 ) |
| v. | |
| KARL JOSEPH BOYD, | |
| Defendant and Appellant. | |

Defendant Karl Joseph Boyd pled guilty to 12 felony counts alleging various forms of theft-related offenses from an elder, B.B.  The charges included eight counts of violations of Penal Code[1] section 368, subdivision (d), and four counts alleging violations of section 530.5, subdivision (a), all of which are described below.  Defendant entered a

---

[1]     Undesignated statutory references are to the Penal Code.

1

*Cruz*[2] waiver but violated its terms when he did not appear for two scheduled review hearings and failed to make a required restitution payment, resulting in the filing of another case and the issuance of bench warrants. The trial court ultimately sentenced defendant to an aggregate term of 10 years in state prison.

On appeal, defendant contends: 1) he did not knowingly or intelligently enter a *Cruz* waiver; and 2) under section 654, the trial court erred in imposing punishment for certain counts alleging violations of section 368, subdivision (d) alleging fraud/theft from an elder. We conclude defendant forfeited his claim regarding the validity of the *Cruz* waiver by not objecting before the trial court and that his section 654 claim fails on its merits. We affirm the judgment.

### PROCEDURAL AND FACTUAL HISTORY[3]

*Case No. 19F7736*

Defendant was charged in Calaveras County Superior Court case No. 19F7736 (19F7736) with eight counts of violating section 368, subdivision (d) (fraud/theft from an elder) and four counts of section 530.5, subdivision (a) (identity theft). The alleged victim in all counts was B.B. with whom defendant lived. Defendant had access to B.B.'s personal identifying information including B.B.'s birthdate, driver's license, and Social Security number. B.B. had a Capital One credit card which B.B. "had used for a series of years." After B.B. received a letter advising B.B. that if the card was not used it would be cancelled and unbeknownst to B.B., defendant added himself to the account (count I). Later, using this card, defendant made a series of purchases "exceeding several thousand dollars" (count II).

---

**2**    *People v. Cruz* (1988) 44 Cal.3d 1247.

**3**    We take portions of the factual background from the stipulated factual bases of cases Nos. 19F7736 and 21F8111.

2

Defendant at some point also opened a Citibank credit card using B.B.'s personal identifying information (count IV). He used this card to access funds from B.B. "in excess of several thousand dollars" (count V). In addition, defendant opened a Discover credit card in B.B.'s name (count VII) and used it to make purchases "in excess of several thousand dollars" (count VIII). Finally, using B.B.'s personal identifying information, defendant opened a series of PayPal accounts several of them in B.B.'s name (count X). He used "several thousand dollars" from B.B.'s personal account to pay the PayPal accounts which were linked to accounts belonging to defendant (count XI). B.B. was unaware of the existence of the Citibank and Discover credit cards, as well as the PayPal accounts.

Defendant was also charged in counts III, VI, IX, and XII with violations of section 530.5, subdivision (a). Count III was charged alternatively to count I (Capital One); count VI was charged alternatively to count IV (Citibank); count VII was charged alternatively to count IX (Discover); and count XII was charged alternatively to count X (PayPal).

*Terms of the Plea Agreement*

On October 20, 2020, defendant agreed in 19F7736 to plead to all 12 counts in exchange for five years' formal probation, 270 days in jail, to pay restitution to B.B. in the amount of $50,000 payable in four installments in the amount of $10,000 each, and to an eight-year suspended sentence. The first payment of $10,000 was to be paid on October 23, 2023, with quarterly review hearings to follow.[4]

Defendant, who was represented by counsel, signed a plea form indicating that he had read and understood the maximum and minimum penalties for each count. The plea form contained a box listing the charges including counts I, II, IV, V, VII, VIII, X and

---

[4] This payment was timely made.

XI, all alleging a violation of section 368, subdivision (d), indicating a minimum term of two years and a maximum term of four years. In addition, it listed counts III, VI, IX, and XII, alleging a violation of section 530.5, subdivision (a), indicating a minimum term of 16 months and a maximum term of 3 years. Defendant advised the court the initials beside this box were his initials. He also initialed that he had read and understood his rights under section 1192.5, reflecting that if the court withdrew its approval of the plea agreement that he would be allowed to withdraw his plea.

Defendant also agreed to a *Cruz* waiver which required that he obey all laws, comply with a restraining order to not have contact with B.B., pay B.B. restitution as ordered, and if he failed to appear for surrender or sentencing without a legal excuse, that his plea would become an "open" plea and he could be sentenced to the maximum time allowed by law. Further, defendant initialed his plea form reflecting this understanding. The court agreed to release defendant on his own recognizance and ordered him to be present for a review hearing on January 25, 2021. The parties stipulated that the four counts alleged under section 530.5, subdivision (a) (counts III, VI, IX, & XII) were alternative to the four counts alleged in counts I, IV, VII, and X, and would be subject to section 654.

Before the conclusion of the plea hearing, defendant confirmed again that he understood the trial court could sentence him as if there was never any plea agreement if he: violated the terms of the *Cruz* waiver, failed to report when ordered to do so, violated the restraining order, or committed a new offense. The trial court again reminded defendant to return for his restitution review hearing on January 25, 2021, when the second $10,000 installment payment would be due.

*Defendant Fails to Appear*

Defendant did not appear at the hearing on January 25, 2021. His counsel advised the court defendant had not yet paid the scheduled installment of $10,000 that was due that day. Defense counsel requested the hearing be continued until February 5, 2021,

4

which the trial court granted.  On February 5, defendant again failed to appear.  Defense counsel advised the court that he had lost contact with defendant and that defendant had not made the required $10,000 restitution payment.  The trial court issued a no-bail bench warrant in 19F7736.

Four days later, in Calaveras County Superior Court case No. 21F8111 (21F8111), the People charged defendant with two counts of willfully and unlawfully failing to appear (§ 1320.5) and alleged that he was released on his own recognizance at the time of both offenses (§ 12022.1).

*Sentencing Hearing*

Defendant ultimately appeared for sentencing on September 1, 2023, on 19F7736, 21F8111, and an unrelated third case.  In the People's sentencing statement for 19F7736, the People again acknowledged that the four counts alleged in counts III, VI, IX and XII, were subject to section 654.  However, the People argued that consecutive sentences for the remaining counts involving the Capital One (counts I & II), Citibank (counts IV & V), and Discover credit cards (counts VII & VIII) as well as the PayPal accounts (counts X & XI) were appropriate because the offenses occurred over long periods of time.  Thus, the People argued, defendant had the opportunity to reflect and renew his intent to steal from B.B.  The People requested an aggregate term of 11 years for 19F7736.  An amended probation report recommended that the trial court sentence defendant to seven years in 19F7736.  Defendant did not file a sentencing brief.

The trial court stated that it had reviewed the amended probation report.  It recounted that defendant was required to appear for sentencing in 19F7736 and had agreed the court could sentence defendant as if there was no plea agreement if he failed to appear, i.e., "it would be treated as an open plea and the Court could then sentence [defendant] to . . . whichever the Court felt was appropriate under the circumstances."  After suggesting that it had been "about three years" since defendant was supposed to be sentenced and he "picked up at least two other cases" in the interim, the trial court stated

5

it intended to impose a 10-year sentence in 19F7736. Defense counsel requested the trial court follow the probation department's recommendation but did not say anything about the 10-year sentence mentioned by the court or the validity of the *Cruz* waiver.

Finding the "incidents occurred over a long period of time" and that they were all "separate" although "[t]hey might have come across from the same mind-set," the trial court imposed an aggregate term of 10 years in 19F7736: the midterm of three years for count I and a consecutive one year (one-third the midterm) as to each of the remaining counts all alleging violations of section 368, subdivision (d).

The court also imposed sentence in 21F8111 (and the unrelated case) resulting in a total aggregate term of 14 years 10 months. Before concluding the sentencing hearing, the trial court asked if defense counsel had anything further to add and she responded that she did not.

We turn first to defendant's argument relating to the validity of the *Cruz* waiver.

## DISCUSSION

I.    *Cruz Waiver*

On appeal, defendant contends the *Cruz* waiver was not knowing or intelligent because the trial court did not advise him 1) about the maximum possible punishment if he failed to comply with the terms of his release, or 2) that he was giving up his right to withdraw his plea. Thus, he contends, the trial court was obligated to impose the eight-year prison term pursuant to the plea agreement or allow defendant to withdraw his plea.

a. *Legal Background*

A defendant forfeits a claim of error if he fails to object to a trial court's discretionary sentencing choice. (*People v. Scott* (1994) 9 Cal.4th 331, 353; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100-1102.) The objection must be "sufficiently specific" so as "to give the trial court a meaningful opportunity to correct any sentencing errors." (*People v. De Soto* (1997) 54 Cal.App.4th 1, 8-9.) However, "the objection will

be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented." (*People v. Scott* (1978) 21 Cal.3d 284, 290.)

Generally, under section 1192.5, a defendant may withdraw his plea if the court decides to impose a sentence greater than the bargained-for term. A defendant who enters a *Cruz* waiver, waives that right if he does not comply with presentence terms of release or fails to appear as required. (*People v. Cruz*, *supra*, 44 Cal.3d 1247, 1254, fn. 5.) Where a full admonishment has been given pursuant to section 1192.5 prior to entry of a negotiated plea, "a defendant must raise his objection to punishment exceeding the terms of the bargain at sentencing, or the objection is [forfeited]." (*People v. Victorian* (1992) 2 Cal.App.4th 954, 958.) The trial court may rely on a validly executed waiver form as a sufficient advisal of rights. (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 402-403; *People v. Mosby* (2004) 33 Cal.4th 353, 360-361.)

*b. Analysis*

There is no question defendant failed to comply with the terms of his presentence release and failed to appear as required. There also is no question the trial court gave him a full admonition under section 1192.5. The trial court made clear that based on these failures, it could sentence defendant as though there was no plea agreement restricting its sentencing discretion. At defendant's sentencing hearing, the court announced its intended sentence was greater than the plea agreement and then imposed a sentence greater than the plea agreement. Defendant did not object at any time to the imposition of a sentence higher than specified in the plea agreement. Defendant did not claim the court was limited to sentencing defendant to the agreed-upon term. Defendant did not seek to withdraw his plea based on the trial court exceeding the terms of the plea. Nor did defendant make any claim that the *Cruz* waiver was invalid.[5]

---

[5]     Anticipating that forfeiture would be an issue, defendant acknowledges in his opening brief that "normally" a defendant must object at the time of sentencing or an

7

Contrary to defendant's claim on appeal, trial counsel's request that the trial court impose a seven-year term, which was consistent with the recommendation of the probation department, did not preserve a claim that the *Cruz* waiver was invalid. Nothing in this request would alert the trial court that defendant was challenging its authority to impose a term greater than that agreed upon in the plea agreement. As a result, defendant forfeited his claim that the *Cruz* waiver was invalid.[6]

II.       *Applicability of Section 654*

Next, defendant alleges in 19F7736 that the trial court erred in "misapplying" section 654 by imposing consecutive sentences in counts I and II (Capital One), counts IV and V (Citibank), counts VII and VIII (Discover) and counts X and XI (PayPal). Defendant asks this case to be remanded for the trial court to either sentence defendant "as agreed in the plea bargain to eight years in prison, or to stay counts two, five, eight and 11 pursuant to section 654 as those counts were all committed with the same criminal intent as their counterpart counts."

a. *Legal Background and Standard of Review*

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) A course of conduct is indivisible "where the defendant ' "harbored a single intent." ' " (*People v. Mesa* (2012) 54 Cal.4th 191, 199.) So "if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to

---

issue is forfeited. He argues this rule does not apply here because the trial court lacked discretion to impose a sentence greater than eight years without providing defendant the chance to withdraw his plea. We reject this argument.

[6]      Defendant appeals in both 19F7736 and 21F811 but did not obtain a certificate of probable cause in either. Since we have concluded that defendant forfeited his claim that the *Cruz* waiver was invalid, we do not address the merits of the People's argument that defendant was required to obtain a certificate of probable cause.

have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

However, "a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment." (*People v. Beamon* (1973) 8 Cal.3d 625, 639, fn. 11.) "This is particularly so where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken." (*People v. Gaio* (2000) 81 Cal.App.4th 919, 935; *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1255.)

The law gives the trial court "broad latitude" in determining "whether section 654 is factually applicable to a given series of offenses." (*People v. DeVaughn* (2014) 227 Cal.App.4th 1092, 1113.) We review the trial court's findings for substantial evidence " 'in a light most favorable to the judgment,' " meaning we " 'presume in support of the court's conclusion the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People v. Andra* (2007) 156 Cal.App.4th 638, 640-641.) "This standard of review is exceedingly deferential." (*People v. Venegas* (2020) 44 Cal.App.5th 32, 38.)

*b. Analysis*

Viewed in the light most favorable to the judgment, there was substantial evidence upon which the trial court could find defendant had the opportunity to reflect and renew his intent between committing each act alleged under section 368, subdivision (d), as charged in counts I and II (Capital One), counts IV and V (Citibank), counts VII and VIII (Discover), and counts X and XI (PayPal), justifying eight consecutive sentences. As the trial court acknowledged, defendant harbored the same intent to steal from B.B. when he committed each offense. But " 'multiple crimes are not one transaction where the defendant had a chance to reflect between offenses and each offense created a new risk of harm.' " (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717 [theft of the victim's purse

9

and later use of her credit card were temporally separated and afforded the defendant an opportunity to reflect and renew his intent].)

There are different steps and thought processes involved in fraudulently adding oneself to a credit card and opening fraudulent credit accounts without the victim's knowledge. For instance, defendant fraudulently gathered and submitted B.B.'s personal information for approval with at least four payment method companies. However, to commit theft by withdrawing money, defendant had to separately plan several times how much money he wanted and when he wanted it after the fraudulent accounts were already approved. And to commit theft by purchasing products or services, defendant contemplated several times what items he wanted and purchased them in stores or by inputting payment and shipping information on third party websites. Between each of these distinct acts, there was a temporal separation that afforded defendant an opportunity to reflect and renew his intent. Defendant could have stopped his criminal conduct after each act of fraud, but instead he created new risk of harm by proceeding to commit each act of theft. Because defendant had ample opportunity to reflect and renew his intent between each act of fraud and theft, substantial evidence supports the trial court's finding that each offense was a "separate incident" and gave rise to multiple punishments.

Lastly, defendant's reliance on our opinion in *People v. Kenefick* (2009) 170 Cal.App.4th 114 is misplaced. *Kenefick* involved a scheme to defraud the victim by fooling him into believing he had an investment interest in a piece of property for which the victim received forged promissory notes purporting to secure the victim's investment. (*Id.* at p. 117.) The defendant successfully argued she harbored only a single criminal objective in committing forgery and theft — to steal the victim's money. (*Id.* at pp. 124-125.)

Unlike in *Kenefick,* which involved a scheme originating with a document forged by that defendant, B.B. was immediately harmed when defendant essentially stole her identity and either placed himself on one of B.B.'s existing credit cards or opened new

payment cards or accounts, all of which he intended to access for his own personal gain without her knowledge or consent.  Over time, he made multiple purchases or withdrawals which totaled thousands of dollars.  The trial court made express findings regarding the divisibility of defendant's criminal actions involved in each theft.  We conclude these findings are supported by substantial evidence.

**DISPOSITION**

The judgment is affirmed.

/s/
WISEMAN, J.\*

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11