Filed 5/21/15  P. v. Duenes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME DUENES,<br><br>    Defendant and Appellant. | 2d Crim. No. B260749<br><br>(Super. Ct. No. 2012011126)<br><br>(Ventura County) |

Jaime Duenes appeals from the judgment entered upon resentencing pursuant to the Safe Neighborhoods and School Act (the Act), enacted by Proposition 47. Appellant was convicted of a felony drug offense and sentenced to state prison. Pursuant to the Act, the trial court recalled the felony sentence and resentenced him to a misdemeanor.  At the time of resentencing, appellant had been released from prison and was on postrelease community supervision (PRCS) for a period not exceeding three years.  Appellant argues that the trial court erroneously continued him on PRCS for the remaining balance of the three-year period.  We agree.  The court should have placed him on misdemeanor parole for one year.  Accordingly, we reverse.

*Background*

In March 2012 a felony complaint was filed charging appellant with one count of possession of methamphetamine (Health & Saf. Code, § 1377, subd. (a)), at that

time an alternate felony-misdemeanor, and one count of being under the influence of a controlled substance (*Id*., § 11550, subd. (a)), a misdemeanor. The complaint alleged one prior separate prison term (Pen. Code, § 667.5, subd. (b))[1] and one prior serious or violent felony conviction ("strike") within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) Pursuant to a plea bargain, appellant pleaded guilty to felony possession of methamphetamine and admitted both the prior prison term and the strike. The misdemeanor charge was dismissed.

Before pleading guilty, appellant initialed the following preprinted provisions in a Felony Disposition Statement: "I could be sentenced to the state prison for a maximum possible term of 7 years. [¶] After I have served my prison term, I may be subject to a maximum period of parole or post-release community supervision of 3 years." In open court the prosecutor informed appellant "that the Court has offered to sentence you to no more than 32 months in prison followed by a three-year parole period."

The trial court dismissed the strike, suspended the imposition of sentence, and placed appellant on formal probation for 36 months on condition that he serve 365 days in county jail. Probation was later revoked, and he was sentenced to prison for two years, four months.

In October 2013 appellant was released from prison to PRCS for a period not exceeding three years. In November 2014 he filed a petition for recall of his sentence and for resentencing pursuant to the Act. The trial court granted the petition and resentenced appellant to a misdemeanor. The court ordered appellant to serve 365 days in county jail. Because he was entitled to credit for time served of 365 days, the court ordered that "the jail sentence is deemed served." The prosecutor conceded that "the only post-sentence supervision available . . . is one year of misdemeanor parole." The court disagreed. It ordered that appellant shall "remain[] on PRCS for the balance of the original [three-year] term following [his] release from prison." The court noted that, pursuant to subdivision (d) of section 1170.18, it has discretion to release a

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

person from the one-year period of misdemeanor parole required upon resentencing to a misdemeanor. The court stated that it "will be exercising its discretion and not ordering a period of parole under [section] 1170.18. But this order is not being made because the court has determined that [appellant] should not remain on some type of supervision; instead, discretion is being exercised as indicated because [appellant] does remain on supervision pursuant to the provisions of Penal Code section 3451(a)." The court observed, "(If appellant was not otherwise continuing on PRCS, the court would not exercise its discretion to waive the one-year parole requirement.)"

In determining that appellant remained on PRCS despite being resentenced to a misdemeanor, the trial court relied on the "[n]otwithstanding any other law" language of section 3451, subdivision (a). It noted that, in *People v. Espinoza* (2014) 226 Cal.App.4th 635, 639-640, this court had observed: "The phrase '[n]otwithstanding any other law' is all encompassing and eliminates potential conflicts between alternative sentencing schemes. [Citations.]" The trial court considered section 1170.18 to be "an alternative sentencing scheme" within the meaning of *Espinoza.* The court concluded that the drafters of the Act are deemed to have been "aware that the lack of a provision [in the Act] either specifically repealing [section] 3451 and/or 'revising the entire subject' of the continuing supervision status would leave 3451 in full force and effect." The court continued: "To give effect to both statutes [sections 3451 and 1170.18], the court has resentenced [appellant to a misdemeanor] as required by [section] 1170.18 and orders that [appellant] shall remain on PRCS for the balance of the originally ordered supervision term. This conclusion 'harmonizes' the provisions of the statutes regarding supervision, giving deference to the 'notwithstanding' language of [section] 3451, language which is 'all encompassing' (Espinoza, supra) and which this court cannot ignore."

### Principles of Statutory Interpretation

" 'Issues of statutory interpretation are questions of law subject to de novo review.' [Citation.]" (*People v. Harbison* (2014) 230 Cal.App.4th 975, 980.) In interpreting a voter initiative, such as the Act, or a statute enacted by the Legislature,

3

such as section 3451, "[t]he overriding concern . . . is that the intent of the Legislature or the electorate . . . be effectuated. [Citations.]" (*Taxpayers To Limit Campaign Spending v. Fair Pol. Practices Com.* (1990) 51 Cal.3d 744, 764, fn. omitted.) " 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.]' " (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

*The Plea Bargain Does Not Preclude Appellant from*

*Arguing that He Is Not Subject to PRCS*

The People contend that appellant's claim that he is not subject to PRCS "lacks merit" because "as part of a negotiated disposition, [he] agreed that in addition to serving a 'prison term' he would be subject to a maximum three-year period of parole or PRCS." "[D]efendants are estopped from complaining of sentences to which they agreed." (*People v. Hester* (2000) 22 Cal.4th 290, 295.) "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process. [Citation.]" (*Id*., at p. 295.)

As part of the plea bargain, appellant did not agree that he would be subject to PRCS. "PRCS conditions, like parole conditions, are not a matter of choice, and there is no voluntary consent to the conditions." (*People v. Jones* (2014) 231 Cal.App.4th 1257, 1267, fn. 8.) The Felony Disposition Statement advised appellant that he "may be subject to a maximum period of parole or post-release community supervision of 3 years." The purpose of the advisement was to assure that appellant understood the consequences of his plea. "In all guilty plea . . . cases the defendant shall be advised of the direct consequences of conviction . . . ." (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.) In *People v. McMillion* (1992) 2 Cal.App.4th 1363, 1368, the

4

appellate court concluded that the trial court had "erred in failing to inform appellant that a period of parole would follow the 16-month term in prison."

*The Trial Court Erroneously Continued Appellant on PRCS*

"The statutory phrase 'notwithstanding any other law' has been called a ' "term of art" ' . . . that declares the legislative intent to override all *contrary* law.  [Citation.]" (*Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 13, italics added.) "When the Legislature intends for a statute to prevail over all *contrary* law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.' [Citations.]"  (*In re Greg F.* (2012) 55 Cal.4th 393, 406-407, italics added.)

The one-year misdemeanor parole period of section 1170.18, subdivision (d) is not contrary to the three-year felony PRCS period of section 3451, subdivision (a). After the trial court resentences a defendant to a misdemeanor pursuant to section 1170.18, the offense "shall be considered a misdemeanor for all purposes."[2]  (*Id*., subd. (k).)  PRCS is no longer available because it applies only to felons.  Section 3451 is part of the Postrelease Community Supervision Act of 2011 (PRCS Act).  (§ 3450 et seq.)  Section 3450, subdivision (b)(5) of the PRCS Act provides: "Realigning the postrelease supervision of certain *felons* reentering the community after serving a prison term to local community corrections programs . . . will improve public safety outcomes among adult *felon* parolees and will facilitate their successful reintegration back into society." (Italics added.)  Section 3451, subdivision (a) applies to all persons "whose sentence has been deemed served pursuant to Section 2900.5 after serving a prison term for a *felony*." (Italics added.)  The implication of this language is that the Legislature intended the PRCS Act to encompass only felons who have served a prison term.  It does not encompass persons who have been convicted of a misdemeanor that,

---

[2] The only exception concerns ownership or possession of a firearm.  Section 1170.18, subdivision (k) provides that resentencing to a misdemeanor "shall not permit [the resentenced] person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

by definition, is not punishable by imprisonment in the state prison. Section 17, subdivision (a) provides: "A felony is a crime that is punishable with death, by imprisonment in the state prison, or . . . by imprisonment in a county jail under the provisions of subdivision (h) of section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Because appellant's drug offense is considered to be a misdemeanor for all purposes (§1170.18, subd. (k)), he is no longer a felon eligible for PRCS. Thus, section 1170.18 is not an "alternative sentencing scheme[]" that conflicts with the PRCS Act. (*People v. Espinoza*, *supra*, 226 Cal.App.4th at pp. 639-640.) It is a different sentencing scheme for certain felony offenses that have been reclassified as misdemeanors. The trial court erred in ruling that the "[n]otwithstanding any other law" language of section 3451 required the continuation of appellant on PRCS. The court should have ordered him to serve a one-year period of misdemeanor parole pursuant to section 1170.18, subd. (d).

*Disposition*

The order continuing appellant on PRCS is reversed. The matter is remanded with directions to place appellant on misdemeanor parole for a period of one year commencing on December 8, 2014, the date that he was resentenced. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

6

Brian Back, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C McMahon, Chief Deputy and William Quest, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.