Filed 7/29/16  P. v. Gill CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HARVINDER SINGH GILL,<br><br>    Defendant and Appellant. | F070950<br><br>(Super. Ct. No. F13908474)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from an order of the Superior Court of Fresno County.  Alvin M. Harrell, III, Judge.

David R. Mugridge, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J. and Peña, J.

Appellant Harvinder Singh Gill appeals the denial of his motion to withdraw his nolo contendere plea to one count of sexual battery. (Pen. Code, § 243.4, subd. (a).) Appellant contends his plea was involuntary and taken in violation of his due process rights because he was not adequately advised of the direct consequences of his plea. Appellant also argues his right to assistance of counsel was denied when the trial court denied a requested continuance. For the reasons set forth below, we vacate the judgment in this case and the trial court's denial of appellant's motion to withdraw his plea, but not the plea itself, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

This case involves a sexual assault between two acquaintances. The victim has remained confidential in the record. At the time of the assault, appellant had known the victim for approximately two years. The two had briefly dated, but had no significant intimate past, had not seen each other in approximately six months, and only communicated periodically by text message or calls.

On July 10, 2013, appellant invited the victim to his house. The victim declined, but told appellant he could go to her house. Appellant parked in front of the victim's house and sent her a text message. The victim came to appellant's car and got into the passenger seat, saying "hello" to appellant.

At that point, appellant leaned toward the victim as if to give her a hug, but instead pulled the lever controlling the passenger seat's backrest, causing it to recline, and moved from his seat to a position on top of the victim. In doing so, appellant's body pinned the victim's arms to her side.

---

[1] Due to appellant's decision to enter a nolo contendere plea prior to his preliminary hearing, the facts relating to appellant's alleged criminal conduct are taken from the probation officer's report, which states its facts came from a Fresno Police Department crime report.

2

Appellant attempted to kiss the victim on the mouth and neck and squeezed the victim's breast with one hand while holding his other arm across her chest to hold her down. Appellant pulled down his pants, exposing himself, and pulled the victim's pants and underwear down to her knees. Appellant grabbed the victim around the neck and digitally penetrated the victim's vagina. He then attempted to insert his penis into the victim's vagina but was unsuccessful.

Throughout this incident, the victim repeatedly told appellant to stop and attempted to push him away. The victim was able to escape by freeing her arm, reaching down, and forcibly squeezing appellant's genitalia. At that point, appellant screamed in pain, called the victim a derogatory term, asked what was wrong with her, and returned to his seat. The victim immediately fled and ultimately called the police.

In later statements to the police, appellant initially denied any form of sexual contact before confirming that he had laid on top of the victim, digitally penetrated her, and had not ceased until the third time she had told him to stop. He further confirmed pressing his penis against her vagina and admitted both that his conduct was wrong and that he was guilty. Appellant called the incident a mistake that occurred because he was "horny" and suggested he was "at the wrong place at the wrong time."

On September 9, 2013, appellant was charged with one count of attempted forcible rape (Pen. Code, §§ 261, subd. (a)(2), 664) and one count of sexual penetration by force (Pen. Code, § 289, subd. (a)(1)). Appellant initially pled not guilty and a preliminary hearing was ultimately set for June 20, 2014.

On June 20, 2014, appellant entered into a plea agreement with the People. The sexual penetration by force count was amended to sexual battery (Pen. Code, § 243.4, subd. (a)) and the People both agreed to dismiss the attempted rape charge and to a suspended sentence with 180 days of custody split between county jail and a work program. In exchange, appellant pleaded nolo contendere to the amended count.

3

The trial court proceeded through the standard guilty plea colloquy and reviewed appellant's plea agreement with him. The plea agreement contained a hand written notation in the space provided below the line stating, "Other possible consequences of this plea may include (e.g. registration)[,]" which read "registration per PC290." Appellant initialed the box to the side of that notation. During the plea colloquy, appellant was asked whether those initials were made "to indicate that you understand all of the constitutional rights you're giving up as well as the possible consequences of your no contest plea." Appellant responded, "Yes." The court also made the following remark, "Now, Mr. Gill, I see here that on the possible consequences, it is indeed listed registration pursuant to Penal Code Section 290. You also - - I'm sure that Mr. Taleisnik has advised you that you will not be allowed to own, possess, any firearms," before asking if appellant understood that as well. Appellant responded, "Yes." Appellant's plea was accepted and sentencing was scheduled for August 4, 2014.

On August 4, 2014, appellant's counsel asked for a continuance, noting the probation officer's report had only been printed for him in court that morning, and requested time to discuss the case with his client. Although not discussed in court, the probation officer's report included registration under Penal Code section 290 as a condition of probation. The proceedings were rescheduled to August 27, 2014. On that day, appellant's counsel again requested a continuance. This time, counsel stated he needed to "discuss the possible withdrawal of a plea" with his client and may need time to prepare a motion and file it. The court set a briefing schedule, with opening briefs due September 19, 2014, and continued sentencing until October 8, 2014.

On October 8, 2014, neither appellant's counsel nor the regular prosecutor were able to attend the hearing and another continuance was granted until November 19, 2014. No mention was made of the previously proposed motion to withdraw a plea or why counsel had not filed one. At the November 19, 2014 hearing, the sentencing judge was unavailable and another continuance was granted until December 2, 2014. During those

4

proceedings, appellant's counsel again stated appellant intended to file a motion to withdraw his plea and explained appellant had been working to retain a lawyer to draft the motion. The court noted appellant had been working on this issue for a while and, although the court granted the continuance, warned that no further continuances would be granted.

On December 2, 2014, appellant's counsel again requested a continuance, this time for one week, in order for new counsel to take over the case. Appellant's counsel explained that appellant had retained new counsel, but new counsel was on vacation and would not return until the next week. Appellant's counsel further explained that appellant still wished to file a motion to withdraw his plea and noted appellant's objection to the registration requirement in the terms of probation. The People objected and the court denied the continuance, noting there had been ample time for appellant to change counsel. The court then sentenced appellant.

In the course of sentencing, appellant's counsel objected to several terms of probation related to sexual offender requirements, each of which was considered by the court and resulted in a term being struck or modified. But counsel raised no objection to the mandatory reporting requirement. Even after these modifications, however, appellant objected to the terms of his probation, raising his desire to withdraw his plea. After further discussion, the court took up appellant's objections as an oral motion to set aside his plea. The court reviewed the plea colloquy history with appellant and, finding appellant's plea was "voluntarily, knowingly and intelligently entered into," rejected the motion. The court explained to appellant that there "is no cooling off period" and "no buyer's remorse" when it comes to withdrawing a plea. Appellant was ultimately sentenced according to the plea bargain. This timely appeal followed.[2]

---

[2] The trial court initially denied appellant's request for a certificate of probable cause. In response to a petition for a writ of mandate filed with this court, we ordered the trial court to grant the certificate.

5

## DISCUSSION

Appellant raises two allegations of error. First, appellant claims, upon multiple related grounds, that the trial court wrongly denied his motion to withdraw his nolo contendere plea. Second, appellant claims he was denied his right to effective counsel when the trial court denied his motion to continue sentencing to permit newly retained counsel to appear.

### *Standard of Review and Applicable Law*

"On application of the defendant at any time before judgment …, the court may, … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Pen. Code, § 1018.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

One way to show good cause includes demonstrating the defendant was not properly advised "of the direct consequences of the conviction" when the plea was accepted, often referred to as *Bunnell* error. (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605 (*Bunnell*).) Indeed, directly pertinent to this case, *Bunnell* error exists "where the trial court fails to advise a defendant that, as a consequence of his or her plea of guilty to any one of the offenses enumerated in section 290, the defendant must register as a sex offender." (*People v. McClellan* (1993) 6 Cal.4th 367, 376 (*McClellan*).) However, demonstrating *Bunnell* error alone is not enough to show good cause. A defendant must also demonstrate the error was prejudicial, meaning the defendant would not have entered the plea had a proper advisement been made. (*McClellan, supra,* at p. 378)

"The granting or denial of an application to withdraw a guilty plea is within the discretion of the trial court after a consideration of all the factors necessary to bring about a just result; and the decision of the trial judge will not be disturbed on appeal unless an abuse thereof is clearly demonstrated." (*People v. Waters* (1975) 52 Cal.App.3d 323,

6

328.)  "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious."  (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

### *The Trial Court Abused Its Discretion*

In this case, there is no serious dispute that a *Bunnell* error occurred.  The People admit that appellant's conviction under Penal Code section 243.4, subdivision (a), triggers a mandatory reporting requirement under Penal Code section 290.  Yet both the plea agreement and the court's plea colloquy informed appellant only that registration was a possibility.  The plea agreement contained a handwritten note stating "registration per PC290" on the lines set forth for "Other possible consequences of this plea."  And the court, when reviewing the plea, stated:  "on the possible consequences, it is indeed listed registration pursuant to Penal Code Section 290," with no followup on whether that possible outcome was mandatory.  As explained in *McClellan*, the court was obligated to inform appellant he "must register as a sex offender."  (*McClellan*, *supra*, 6 Cal.4th at p. 376.)  Informing appellant of the mere possibility was not enough.  (See *People v. McMillion* (1992) 2 Cal.App.4th 1363, 1368 (*McMillion*) [defendant not required to infer information missing from proper advisement]; *People v. Walker* (1991) 54 Cal.3d 1013, 1029, overruled on another ground by *People v. Villalobos* (2012) 54 Cal.4th 177, 183 ["The trial court only advised the defendant that a $10,000 fine was a possible consequence of the guilty plea.  This was inadequate."].)

Recognizing this error in appellant's plea proceedings, the question thus becomes, was it an abuse of discretion for the trial court to deny appellant's motion to withdraw his plea in light of the legal error that existed?  Under the specific facts as they reach us, we conclude it was.

7

On December 2, 2014, appellant's counsel informed the trial court that appellant had retained new counsel in anticipation of moving to withdraw his plea because appellant had a "lasting concern" about the registration requirement imposed by Penal Code section 290.**3** Despite this knowledge, the trial court proceeded to sentencing, concluding appellant had delayed too long in seeking to hire new counsel and challenge his plea, and expressing its concern appellant was now seeking another continuance without meaningful proof new counsel had been retained. When the court then asked whether appellant agreed to the probation terms imposed, appellant objected and attempted to explain why he should be permitted to withdraw his plea.

To the trial court's credit, it recognized the need to consider appellant's objection as evidence of his desire to withdraw his plea, stating the court would "take that as an oral motion to withdraw the plea."**4** The court proceeded to recount the statements appellant made when pleading nolo contendere, including admissions he had reviewed the change of plea form, understood the possible consequences of his plea, had been made no other promises, had discussed the matter with his attorney, and had no further questions, confirming each time that appellant had previously responded affirmatively. The court then asked appellant whether its historical recitation was correct. Yet again,

_____

**3** As noted above, the trial court was first informed of appellant's desire to file a motion to withdraw his plea on August 27, 2014. At that time, the court set a briefing schedule, requiring counsel to file an opening brief by September 19, 2014, for a hearing scheduled on October 8, 2014. No motion was filed and, although appellant retained the same counsel until his sentencing, counsel never explained why on the record, despite continuing to note appellant's desire to withdraw his plea both on November 19, 2014, and December 2, 2014. For his part, appellant informed the court at sentencing that his retained counsel had required him to find and retain new counsel if he wished to proceed with his motion, although the timing of this statement was not disclosed.

**4** Although the court construed appellant's statements as an oral motion to withdraw the plea, the only time it asked for input on the matter from appellant's still-retained counsel was to confirm counsel had responded affirmatively to the court's questions during the plea colloquy.

8

however, appellant tried to argue his concerns, starting to say "[a]t the small amount of time, yes, I did understand that, but I didn't," before being redirected by the court. Based on this additional colloquy, the trial court rejected the oral motion it had taken up on the ground the "plea was voluntarily, knowingly and intelligently entered into."

At no point in the above inquiry did the court recognize appellant's procedural rights had been violated under *Bunnell*. Rather, its ruling assumed the original plea colloquy and change of plea form had adequately detailed the direct consequences of appellant's plea because appellant was aware of the possible consequences of his plea and had no further questions. Had appellant's plea colloquy satisfied the *Bunnell* requirements, we would have no issue with the trial court's ruling. However, because there is an unrecognized error in the original colloquy, the trial court's implicit factual finding that appellant had been properly advised of the registration requirement is not supported by substantial evidence. Accordingly, the court's conclusion under the facts as it considered them, that the legal requirements for withdrawing a plea were not met, was arbitrary and capricious in light of its failure to consider the analysis required when *Bunnell* error exists.

The People argue any error is harmless in this instance because the record is devoid of evidence showing appellant would have chosen not to enter into the plea if he had been advised of the mandatory nature of the registration requirement, thus precluding the showing of prejudice required to withdraw a plea when *Bunnell* error exists. We agree that such a showing is required to ultimately set aside the plea. (*McClellan*, *supra*, 6 Cal.4th at p. 378.) But the People's argument is premature.

The record is devoid of such evidence due to the trial court's abuse of discretion, resulting from its failure to recognize the *Bunnell* error. Appellant has done all that can be expected of one in his unique factual circumstances. His counsel has placed appellant's objection to the registration requirements on the record, the trial court has been informed of appellant's desire to withdraw his plea, and appellant has objected to

9

the imposition of his terms of probation. (Cf. *McClellan*, *supra*, 6 Cal.4th at p. 378 [noting the record contained "no evidence (nor even an assertion) concerning the bearing of a registration requirement upon defendant's decision to plead guilty"].)[5] In light of the trial court's error, there was no opportunity to introduce further evidence of prejudice.[6]

Ultimately, this case reaches us with an undeveloped factual record. As such, appellant's request that we vacate his nolo contendere plea is premature as well. The appropriate resolution is to vacate the judgment and the trial court's denial of appellant's motion to withdraw his plea and remand this case for further proceedings consistent with our opinion. (See *In re Moser* (1993) 6 Cal.4th 342, 352-353.) Given the remand to further develop the factual record, we need not reach appellant's argument that the trial court improperly denied his request for a continuance before ruling on the withdrawal motion. Appellant will presumably have counsel of his choosing—or appointed counsel if appropriate—upon remand.

---

[5] We likewise reject the People's assertion appellant forfeited this issue by failing to object specifically to the registration requirement. Appellant's objection was placed on the record by counsel and appellant repeatedly attempted to argue his plea should be withdrawn. On this record, appellant's conduct is sufficient to preserve the issue for appeal.

[6] Although the full record has not been developed, we do not discount the difficulty of this showing. Appellant was facing up to eight years in state prison on charges, supported by confessions, that require mandatory registration, yet received a three-year suspended sentence with only 180 days served, split between county jail and a work program, along with being required to register. (See Pen. Code, § 289, 290.) While the registration requirements are onerous, case law in analogous situations requires weighing that requirement against the benefits received from the plea. (*McMillon*, *supra*, 2 Cal.App.4th at pp. 1370-1371). Moreover, the unfulfilled hope of obtaining leniency or buyer's remorse regarding the results of the plea will not be sufficient to show good cause. (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 798; *People v. Simmons* (2015) 233 Cal.App.4th 1458, 1466.)

## DISPOSITION

The judgment and the trial court's denial of appellant's motion to withdraw his plea are vacated and the matter is remanded for further proceedings consistent with this opinion.