Filed 9/26/23  P. v. Lopez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

SARAH DEBORAH LOPEZ,

    Defendant and Appellant.

E081551

(Super.Ct.No. FSB21002426)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, (retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), and Cheryl C. Kersey, Judges. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant and appellant Sarah Deborah Lopez appeals the trial court's postjudgment order denying her purported motion to amend the judgment to show that she was not directed to serve a term of parole upon her release from custody.  Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  Because defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned and was given an opportunity to file a personal supplemental brief but failed to do so, we may dismiss the appeal.  Even if we exercise our discretion to conduct an independent review of the record in the interest of justice, we find no meritorious arguable issue and affirm the postjudgment order.  (*Delgadillo*, at pp. 228, 232.)

# II.  BACKGROUND

On August 24, 2021, an information was filed charging defendant with first degree residential burglary (Pen. Code, § 459) with another person, other than an accomplice, present (Pen. Code, § 667.5, subd. (c)).  The information also alleged that defendant had suffered a prior serious and/or violent felony strike conviction (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (d)).

On April 18, 2022, pursuant to a negotiated disposition, defendant pled no contest to the charge and admitted the allegation that another person was present during the commission of the residential burglary. In return, the prior strike conviction allegation was dismissed, and defendant was promised a two-year sentence with credit for time served. Prior to pleading no contest, defendant executed, initialed, and signed a felony plea form. Within the plea form, in relevant part, defendant initialed box 5b which stated: "Any state prison commitment will be followed by a period [of] PAROLE of 3 to 4 years . . . . Any violation of the terms of parole could result in up to an additional year in custody for each violation, up to a maximum of 4 years, 7 years, or life." After questioning and examining the plea form with defendant, the trial court found that defendant read and understood the declaration and plea form, the nature of the charges, the consequence of punishment, and her constitutional rights. The court also found that defendant knowingly, intelligently, freely, and voluntarily waived her rights, that defendant personally and orally entered the plea in open court, that there was a factual basis for the plea based on the preliminary hearing transcript, and that the plea was given freely, knowingly, and intelligently.

Defendant was sentenced on June 15, 2022, in accordance with her plea agreement, to two years in prison with actual and conduct credits of two years. The trial court deemed defendant's sentence served and ordered her released from custody. Thereafter, the court specifically directed defendant to report to county parole within 24 hours of her release "to go over all of [her] terms and conditions of [ ] parole."

3

On May 8, 2023, defendant filed a written letter to the trial court indicating that her judgment erroneously reflected that she was directed to serve a term of parole upon her release from custody and that was not part of the agreement. Defendant sought to have her "files" and minute order "updated" to reflect no parole as part of her plea agreement.

On May 30, 2023, the trial court denied defendant's request to correct the minute order. Defendant timely appealed.

## III. DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders*, at p. 744), counsel raises the issue of whether the trial court erred in denying defendant's request to correct the judgment and sentencing minute order.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

4

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a Penal Code section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id.* at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id.* at p. 232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id.* at p. 229.)

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Although this case does not call for us to exercise our discretion to independently examine the record for arguable issues, even if we exercised our discretion to independently examine the record, defendant's record of conviction shows that she agreed to a term of parole for a period of three to four years. Defendant never objected to the term during her sentencing hearing and after the trial court ordered her to report to parole upon her release from custody. Moreover, "'the length of a parole term is not a permissible subject of plea negotiations.' [Citation.]" (*Berman v. Cate* (2010) 187 Cal.App.4th 885, 894 (*Berman*), quoting *In re Moser* (1993) 6 Cal.4th 342, 357.) "'[T]he court is authorized neither to determine whether a parole period shall be served nor to prescribe its duration; that is the province

5

of the Board of Prison Terms.'  [Citations.]"  (*Berman*, at p. 894, citing *People v. McMillion* (1992) 2 Cal.App.4th 1363, 1369; *People v. Renfro* (2004) 125 Cal.App.4th 223, 232.)  "As 'there is no legal mechanism for negotiating a plea agreement containing . . . reduced time on parole, the imposition of parole at sentencing simply cannot be regarded as a breach of such an agreement.'  [Citation.]  Parole periods cannot be the subject of negotiations nor a condition of a final negotiated plea.  [Citation.]"  (*Berman*, at pp. 894-895.)  Therefore, even if by any stretch of the imagination the negotiated plea agreement could be deemed to have incorporated a *no* term of parole upon defendant's release, the term would remain unenforceable.  (*Id*. at p. 895.)

## IV.  DISPOSITION

The trial court's order denying defendant's request to correct the sentencing minute order and/or judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

6